## Richmond

## DERRICK BILOKUR

### v.

## COMMONWEALTH OF VIRGINIA

October 10, 1980.

Record No. 791833.

Present: All the Justices.

*Vincent A. Bertolini* for appellant.

*Richard B. Smith, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

Argument at bar was confined to the question whether a defendant's statutory right to be present at trial and his constitutional right of confrontation were abridged by the stipulation into evidence of an incriminating extrajudicial statement.

Sitting without a jury, the trial court convicted Derrick Bilokur of maiming his five-year-old half-sister, Melanie Stawecki; of breaking and entering the home of Mr. and Mrs. Robert Kelly; of maiming Mrs. Kelly; and of assaulting the arresting officer. He was sentenced to serve a total of 40 years in the penitentiary on the maiming convictions. Sentences imposed on the other convictions were suspended.

The defendant entered a plea of not guilty by reason of insanity. The Commonwealth's evidence that Bilokur had committed the several offenses was uncontradicted. Testifying in his own behalf, the defendant described a history of drug abuse and mental therapy. He admitted stabbing Melanie with a kitchen knife and striking her on the head with a table but remembered nothing about the other offenses and could give no explanation for his conduct. Psychiatric proof that Bilokur was competent to stand trial and that he was sane when the offenses were committed was fully sufficient to support the trial court's rejection of the defendant's plea.

Two days before arraignment, counsel for the Commonwealth and the defendant jointly conducted an interrogation of Melanie. Melanie was not sworn, and the defendant was not present. Melanie described the attack in detail and identified Bilokur as her assailant. With the defendant standing mute, defendant's trial counsel stipulated a transcript of the interrogation into evidence in lieu of Melanie's personal testimony. Defendant's appellate counsel, whose motion to set aside the judgments was denied, contends that the use of the transcript violated Bilokur's statutory right to be present at trial and his constitutional right of confrontation.

## I.

■ Code § 19.2-259 provides that "[a] person tried for felony shall be personally present during the trial."[1] This provision is "merely declaratory of a principle of the common law"; it is "an essential part of the process of law . . . without which the courts have no jurisdiction to pronounce judgment"; and it is a right which "the accused cannot waive". *Noell* v. *Commonwealth,* 135 Va. 600, 608-09, 115 S.E. 679, 681 (1923) (applying principles announced in *Hopt* v. *Utah,* 110 U.S. 574 (1884)); *accord, Lewis and Grant* v. *Commonwealth,* 212 Va. 411, 184 S.E.2d 818 (1971). The statutory phrase "during the trial" has been defined as "every stage of the trial from [the accused's] arraignment to his sentence, when anything is to be done which can

---

[1] The right of a person tried for a misdemeanor to be present at trial is qualified. Code § 19.2-237 (Cum. Supp. 1980).

affect his interest." *Palmer* v. *Commonwealth,* 143 Va. 592, 605, 130 S.E. 398, 402 (1925).

■ It was the introduction of the transcript of Melanie's interrogation into evidence, not the conduct of the interrogation, which might have affected the defendant's interest. The orders entered upon the four convictions recite, and there is nothing of record to contradict the recitation, that Bilokur was present at every stage of the trial. We conclude, therefore, that the defendant's statutory right of presence was not abridged by introduction of the transcript.

## II.

We turn now to the constitutional issue. An accused has the right to be confronted by his "accusers and witnesses", Va. Const. art. I, § 8, and "the witnesses against him", U.S. Const. amend. VI. We enquire whether the introduction of incriminating extrajudicial statements against an accused offends the constitutional guarantees and, if so, whether the right to invoke these guarantees may be waived by an accused or his counsel.

## A.

■ "In Virginia, in criminal cases, [the right of cross-examination of prosecution witnesses] is preserved to the accused by the constitutional guarantee of confrontation." *Moore* v. *Commonwealth,* 202 Va. 667, 669, 119 S.E.2d 324, 327 (1961). *See also Whittaker* v. *Commonwealth,* 217 Va. 966, 234 S.E.2d 79 (1977); *Woody* v. *Commonwealth,* 214 Va. 296, 199 S.E.2d 529 (1973). Concerning the Sixth Amendment guarantee, which the Fourteenth Amendment makes applicable to the states, *Pointer* v. *Texas,* 380 U.S. 400 (1965), the Supreme Court has explained:

> "The primary object of the constitutional provision in question was to prevent depositions or *ex parte* affidavits . . . being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." [2]

---

[2] Popular reaction to the use of affidavits in the trial of Sir Walter Raleigh catalyzed development of the English common-law principle from which the Sixth Amendment confrontation guarantee was derived. Note, *Confrontation, Cross-Examination, and the Right to Prepare a Defense,* 56 Geo. L. J. 939, 957 n.136 (1968).

*Mattox* v. *United States,* 156 U.S. 237, 242-43 (1895).

We recently considered "whether testimony given by a witness during a preliminary hearing . . . may properly be received as substantive evidence for the prosecution in the subsequent trial. . .when the witness is deceased at the time of trial." *Fisher* v. *Commonwealth,* 217 Va. 808, 809, 232 S.E.2d 798, 799 (1977). In *Mattox* v. *United States, supra,* 156 U.S. at 241, the Supreme Court had said that "the authority in favor of the admissibility of such testimony, where the defendant was present either at the examination of the deceased witness before a committing magistrate, or upon a former trial of the same case, is overwhelming". Quoting that language and noting that the testimony of a deceased witness had been "given under oath in a judicial proceeding which was distinctly adversary" and that "the transcript of . . . testimony at the preliminary hearing carried sufficient indicia of reliability and provided the jury a satisfactory basis for evaluating the truth of [the deceased witness'] prior statements", 217 Va. at 813, 232 S.E.2d at 802, we rejected the defendant's claim that his constitutional right of confrontation had been abridged.

Relying upon *Fisher,* we denied a similar claim in a case where there was no transcript of the testimony at the preliminary hearing.

> "[I]n criminal cases the preliminary hearing testimony of a witness who is absent from the subsequent trial because of death may be proved by the *oral testimony* of a person who was present at the former trial and heard the witness testify. In applying this rule, however, it must be shown: (1) that the witness is dead; (2) that the testimony of the witness was given under oath . . .; (3) that the person who seeks to relate the testimony of the absent witness can state the subject matter with clarity and in detail; and (4) that the party against whom the witness was offered was present with counsel and was afforded the opportunity of cross-examination. (Citations omitted)."

*Shifflett* v. *Commonwealth,* 218 Va. 25, 28, 235 S.E.2d 316, 318-19 (1977).

The principle underlying the decisions in these cases is that the constitutional right of confrontation does not attach where the prior testimony of a witness unavailable at trial bears sufficient indicia of reliability.[3] But here, Melanie's testimony was not taken in a judicial

---

[3] The federal courts have applied the same principle. *See e.g., Mancusi* v. *Stubbs,* 408 U.S. 204 (1972); *Mattox* v. *United States, supra; United States* v. *West,* 574 F.2d 1131 (4th Cir. 1978); *Phillips* v. *Wyrick,* 558 F.2d 489 (8th Cir. 1977); *United States* v. *King,* 552 F.2d 833 (9th Cir. 1976).

proceeding, the interrogation was not adversary, Melanie was not under oath, her statements positively incriminated Bilokur, the defendant was not present to conduct or assist his counsel in conducting cross-examination, and nothing of record indicates that Melanie was unavailable to testify in person at trial. Hence, none of the indicia of reliability present in *Fisher* and *Shifflett* is present here.

We believe, therefore, that the defendant had the right to invoke the constitutional guarantee of confrontation against the introduction of the transcript of Melanie's interrogation.

### B.

We must now decide whether such a right may be waived by an accused or his counsel.

While there is always a "presumption against a waiver of fundamental constitutional rights", *Johnson* v. *Zerbst,* 304 U.S. 458, 464 (1938), and "the Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right", *Pointer* v. *Texas, supra,* 380 U.S. at 403, the right may be waived by a guilty plea, *Boykin* v. *Alabama,* 395 U.S. 238 (1969), by a defendant's disruptive conduct in the courtroom, *Illinois* v. *Allen,* 397 U.S. 337 (1970), by a defendant's voluntary absence from trial, *Taylor* v. *United States,* 414 U.S. 17 (1973), and by a defendant's intimidation of a grand jury witness from testifying at trial, *United States* v. *Carlson,* 547 F.2d 1346 (8th Cir. 1976), *cert. denied,* 431 U.S. 914 (1977).

None of these cases addressed the question whether defense counsel has the power to waive his client's right of confrontation. But that question arose in *Brookhart* v. *Janis,* 384 U.S. 1 (1966). There, the Supreme Court held that since the accused "neither personally waived his right [of confrontation] nor acquiesced in his lawyer's attempted waiver, the judgment . . . must be and is reversed". *Id.* at 8. This holding implicitly recognized that an accused may waive his constitutional right of confrontation, not only by express personal consent but also by passive acquiescence in a tender by his attorney. This rule had been applied in an earlier federal case where the court had said:

"If the accused, being present, manifests no dissent, it is usually fair to assume that he approves of, or at least acquiesces in, the decision taken in open court in his behalf by his counsel. . . .

". . . And where an accused is represented by counsel, we do not see why counsel, in his presence and on his behalf, may not make an effective waiver of this privilege."

*Cruzado* v. *People of Puerto Rico,* 210 F.2d 789, 791 (1st Cir. 1954).

In a post-*Brookhart* case, the court rejected the defendant's argument that, in order for a waiver to be effective, the record "must affirmatively reveal . . . that [the defendant] personally waived his constitutional right to confront witnesses by consenting to the stipulation." *United States* v. *Martin,* 489 F.2d 674, 678 (9th Cir. 1973), *cert. denied,* 417 U.S. 948 (1974). And in the most recent federal decision on the question, the court held:

> "[C]ounsel in a criminal case may waive his client's Sixth Amendment right of confrontation by stipulating to the admission of evidence, so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy."

*United States* v. *Stephens,* 609 F.2d 230, 232-33 (5th Cir. 1980).

While this language was employed in a case in which the defendants had expressly approved the stipulation tendered by their counsel, we believe it is consonant with the holding in *Brookhart,* and we adopt it as the rule in Virginia.

As a matter of trial tactics, it is often advisable in criminal cases for the defense to stipulate extrajudicial statements and other evidence in lieu of personal testimony. The intonations and inflections of the spoken word are usually more persuasive than the printed word, and it is sometimes better to concede than to contest.

A defendant's demand for proof of facts that are incontrovertible (*e.g.,* time of sunset, fact of death, situs of the offense, physical verities, qualifications of experts) may irritate and tend to alienate the factfinder. It would be pointless for a defendant to demand proof of facts admitted or not contradicted in his own testimony. It may be prudent for the defense to stipulate adverse testimony which, if delivered in person, would only validate and magnify that of other witnesses at trial. And it may be highly imprudent to insist upon the in-court testimony of a witness who has a history of personal animus against the defendant, or a witness whose standing in the community is such that his very presence would add undue weight to his testimony, or a witness who is the victim of the crime charged against the defendant and whose age, physical appearance, or personal demeanor would arouse the sympathy and inflame the passions of the factfinder.

With these considerations in mind and in view of the nature of

Bilokur's plea and the trial strategy it entailed, we believe the decision of the defendant's trial counsel to substitute the transcript of Melanie's extrajudicial statement for her personal testimony was a legitimate trial tactic.

■ And the record leaves no doubt that Bilokur acquiesced in that decision. Present when the stipulation was tendered, he did not dissent. There is nothing to show that he was unfamiliar with the content of the transcript or that he had any reason to impeach Melanie's statement by cross-examination. Applying the rule we have adopted, we conclude that Bilokur's silence was tantamount to assent.[4] We hold, therefore, that the defendant, acting through counsel, waived his right to invoke the constitutional guarantee of confrontation, and the several judgments will be affirmed.

*Affirmed.*

---

[4] Indeed, dissent would have been inconsistent with the defendant's own testimony; but our conclusion does not rest upon consideration of that fact.