COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


KELLUP LAMONTE BROOKS
                                                          OPINION BY
v.        Record No. 2195-05-1                   JUDGE LARRY G. ELDER
                                                        DECEMBER 19, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge

Charles E. Jenkins, II, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General; Karri B. Atwood, Assistant Attorney
General, on brief), for appellee.


Kellup Lamonte Brooks (appellant) appeals from his jury trial conviction for possession

of cocaine with intent to distribute.  On appeal, he contends the trial court erred in admitting the

certificates of analysis establishing that some of the substances seized at the time of his arrest on

an unrelated offense were cocaine.  He argues the certificates contained hearsay considered

testimonial under Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177

(2004), and, thus, that admitting them without having the forensic analyst present to testify,

although permitted by Code § 19.2-187 as an exception to state hearsay rules, violated his

Confrontation Clause rights.  Assuming without deciding the certificates contained information

considered testimonial under Crawford, we hold the procedure in Code §§ 19.2-187 and

19.2-187.1 adequately protects a defendant's Confrontation Clause rights.[1]  Thus, we affirm appellant's conviction.

I.

BACKGROUND

On June 16, 2004, narcotics investigators arrested appellant in a motel room in which they found several different quantities of suspected cocaine, cash, and paraphernalia associated with drug distribution.  Appellant was charged, *inter alia*, with possession of cocaine with intent to distribute.  Appellant was indicted for that offense on September 1, 2004.

On September 21, 2004, more than seven days prior to trial, as required by the hearsay exception provision of Code § 19.2-187, the Commonwealth filed certificates of analysis confirming that several of the items seized were cocaine or contained cocaine or heroin residue. By letter of October 22, 2004, in response to appellant's motion for discovery and with a copy of the letter to the court, the Commonwealth provided appellant's counsel with copies of those certificates of analysis, expressly indicating they were being "provided in accordance with the Code of Virginia § 19.2-187."

At trial on August 24, 2005, appellant moved to exclude the certificates of laboratory analysis of the drugs,[2] claiming that the Commonwealth's failure to call the forensic scientist who tested the substances denied him his constitutional right to confrontation under Crawford. The Commonwealth responded that Code § 19.2-187.1 provides a mechanism giving a defendant

---

[1] We do not consider the constitutionality of the order of proof allowed by Code § 19.2-187.1 because that issue is not properly before us in this appeal.  See infra text accompanying note 6.

[2] Appellant also moved to exclude a certificate of DNA analysis involving a firearm, but the admission of that certificate is not at issue in this appeal.  Appellant did not object to admission of a certificate of analysis covering suspected drugs found in the possession of another person in the motel room at the time of appellant's arrest.

"the right to call the person performing such analysis . . . at the cost of the Commonwealth" but

that appellant had not notified the Commonwealth he had an objection to admitting the

certificates in the absence of the scientist.  The Commonwealth averred that "if defense counsel

had told me specifically he had any objection . . . , I would have ensured [the analyst's] presence

here today; and if [the analyst was] unable to be here, . . . I would have requested a continuance."

The Commonwealth argued that the provision of Code § 19.2-187.1 allowing a defendant to

assert his right of confrontation in a particular manner prevented it from running afoul of

Crawford.  Appellant argued "the fact that [he] could have subpoenaed somebody because the

code allows it doesn't really answer the math because that's shifting the burden of proof to the

defendant."

　　　　The court denied the motion on two grounds.  It reasoned first that Code § 19.2-187.1

> provides for a right to call a person who conducted an examination
> to have them present, if the defense so desires.  It does not shift the
> burden of proof.  What it is, is a procedural provision that simply
> requires that a party do something in a timely manner.
>
> 　　　　There is no violation of the Confrontation Clause to require
> a defendant to do something or raise an issue [or] objection in
> advance of trial because you are balancing the defendant's right to
> challenge evidence against the right of the public, in effect, to have
> an efficiently run court system that's not bogged down by late
> requests and objections to evidence that, for example, leaves a jury
> sitting in a jury room for 35 minutes or more past lunch because
> we are resolving something that really should have been resolved
> in advance of trial, if there was any real meat to the objection . . . .
>
> 　　　　. . . All you have to do is say, you know, I want these
> people present for this trial, and the Commonwealth would have
> been forced to [have them present].  And as [the prosecutor] has
> said, if [you had made such a request in this case], he would have
> been forced to request a continuance. . . .  [T]hen if the Court had
> granted that request for a continuance, the question of whether or
> not a speedy trial violation would occur and your objection [could
> have been addressed].  All those procedural rights and everything
> would be protected.  The confrontation clause [rights] would be
> protected. . . .

The court also concluded that Crawford was inapplicable because it did not cover non-testimonial hearsay and the court found that reports of scientific examination such as the certificates of drug analysis were non-testimonial.

At trial, the certificates of analysis were admitted as part of the Commonwealth's evidence. The jury convicted appellant for possession of cocaine with intent to distribute, and he noted this appeal.

II.

ANALYSIS

The Confrontation Clause of the United States Constitution provides that, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. This "procedural guarantee" also "applies to state prosecutions." Michels v. Commonwealth, 47 Va. App. 461, 466, 624 S.E.2d 675, 678 (2006). In its 2004 decision in Crawford, the United States Supreme Court clarified the test for "determining whether the admission of hearsay," an out-of-court statement offered to prove the truth of the matter asserted, "violates the accused's right[s] under the Confrontation Clause." Horton v. Allen, 370 F.3d 75, 83 (1st Cir. 2004). "[W]hen the declarant appears for cross-examination at trial," stated the Court, "the Confrontation Clause places no constraints at all on the use of his prior . . . statements." Crawford, 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9, 158 L. Ed. 2d at 197 n.9. However, if the declarant does not appear for trial and the statement is "testimonial" in nature, "the Sixth Amendment demands what the common law required: [proof of the] unavailability [of the declarant] and a prior opportunity for cross-examination." Id. at 68, 124 S. Ct. at 1374, 158 L. Ed. 2d at 203.

Appellant avers the trial court erred in admitting the certificates of analysis establishing that the substances seized were cocaine, contending the certificates contained hearsay considered

- 4 -

testimonial under Crawford and, thus, that admitting them without having the forensic analyst present to testify, although permitted by Code § 19.2-187 as an exception to state hearsay rules, violated his Confrontation Clause rights. Assuming without deciding the certificates contained information considered testimonial under Crawford, we hold the procedure in Code §§ 19.2-187 and 19.2-187.1 adequately protects a defendant's Confrontation Clause rights.

The applicable version of Code § 19.2-187 provides in relevant part as follows:

> In any hearing or trial of any criminal offense . . . , a certificate of analysis of a person performing an analysis or examination, performed [in any of several specified laboratories] when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is [provided to counsel of record for the accused upon request made in the manner prescribed by the statute].

2005 Va. Acts, chs. 868, 881.

Code § 19.2-187.1 provides that, "in any hearing or trial in which a certificate of analysis is admitted into evidence pursuant to § 19.2-187," the accused "shall have the right to call the person performing such analysis or examination . . . as a witness therein, and examine him in the same manner as if he had been called as an adverse witness." That code section further provides that "[s]uch witness shall be summoned and appear at the cost of the Commonwealth." Code § 19.2-187.1. Manifestly, in order to compel the attendance of a witness at trial via the court's subpoena power, a subpoena for that witness must be issued and served in advance of trial.[3]

_____

[3] No statute or rule requires a subpoena for an appearance in circuit court be issued any particular number of days prior to trial, although service "at least 10 days before trial" is recommended. See Rule 3A:12 (governing procedure for compelling attendance of witnesses in criminal trials in circuit courts but not specifying number of days in advance of trial by which subpoenas should or must be issued); Sup. Ct. Rules Part 1, Form 3 (providing in Uniform Pretrial Scheduling Order pursuant to Rule 1:18B that "Early filing of a request for witness subpoenas is encouraged so that such subpoenas may be served at least 10 days before trial"); cf. Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 319-20 (1977) (holding defendant

Here, because appellant failed to notify the Commonwealth or the trial court of his desire to confront the preparer of the certificates of drug analysis until the day of trial, appellant failed properly to avail himself of the protections of Code § 19.2-187.1. We hold, as have other courts interpreting similar statutes, that this failure constituted a simultaneous waiver of any right he may have had under the Confrontation Clause to cross-examine the preparer of the certificates.

The right of an accused to confront and cross-examine is "'not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" Baugh v. Commonwealth, 14 Va. App. 368, 371, 417 S.E.2d 891, 893 (1992) (quoting Chambers v. Mississippi, 410 U.S. 284, 295, 93 S. Ct. 1038, 1046, 35 L. Ed. 2d 297, 309 (1973)). "It has [also] long been recognized that a defendant may voluntarily waive the right to confront[ation] . . . ." State v. Cunningham, 903 So. 2d 1110, 1120 (La. 2005) (citing Diaz v. United States, 223 U.S. 442, 450, 32 S. Ct. 250, 252, 56 L. Ed. 500, 503 (1912)).

> [T]he right may be waived by a guilty plea, Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), by a defendant's disruptive conduct in the courtroom, Illinois v. Allen, 397 U.S. 337, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970), by a defendant's voluntary absence from trial, Taylor v. United States, 414 U.S. 17, 94 S. Ct. 194, 38 L. Ed. 2d 174 (1973), and by a defendant's intimidation of a grand jury witness from testifying at trial, United States v. Carlson, 547 F.2d 1346 (8th Cir. 1976), cert. denied, 431 U.S. 914, 97 S. Ct. 2174, 53 L. Ed. 2d 224 (1977).

Bilokur v. Commonwealth, 221 Va. 467, 472, 270 S.E.2d 747, 751 (1980). The Virginia Supreme Court has also held that a defendant may, through counsel, waive his right to confrontation by stipulating to the use of a witness' prior testimony. Id. at 473-74, 270 S.E.2d at 751-52 (adopting "as the rule in Virginia" that counsel for a criminal defendant may, under certain circumstances, "'waive his client's Sixth Amendment right of confrontation by

---

not entitled to continuance based on unavailability of witness because attempt to subpoena witness only two days before trial did not constitute due diligence).

- 6 -

stipulating to the admission of evidence'" (quoting United States v. Stephens, 609 F.2d 230, 232-33 (5th Cir. 1980))).[4]

It is also "beyond question that under the Due Process Clause of the Fourteenth Amendment [a state] may attach reasonable time limitations to the assertion of federal constitutional rights." Michel v. Louisiana, 350 U.S. 91, 97, 76 S. Ct. 158, 162, 100 L. Ed. 83, 91 (1955). "A state procedural rule which forbids the raising of federal questions at late stages in

---

[4] The holding in Bilokur does not require that a defendant be given an opportunity, on the record, expressly to accept or reject his attorney's confrontation waiver. 221 Va. at 473, 270 S.E.2d at 751-52. It provides merely that such a waiver is not valid if the defendant's *lack of consent* is apparent in the record. Id.

The holding in Bilokur is consistent with the holding in Brookhart v. Janis, 384 U.S. 1, 86 S. Ct. 1245, 16 L. Ed. 2d 314 (1966), on which it relied in part. Brookhart involved the "knowing agree[ment]" of a defendant's attorney to "a prima facie trial," a proceeding in which "the State need make only a prima facie showing of guilt" and in which the defendant agrees to "neither offer evidence on [his] behalf nor cross-examine any of the State's witnesses." Id. at 6-7, 86 S. Ct. at 1248, 16 L. Ed. 2d at 318-19. Immediately after the attorney's statement, however, the defendant unequivocally said, "'I would like to point out in no way am I pleading guilty to this charge,'" which the Court held negated his attorney's prior agreement to a prima facie trial. Id. The Supreme Court held this sequence of events "narrow[ed]" the question on appeal "to whether counsel has the power to enter a plea which is *inconsistent with his client's expressed desire* and thereby waive his client's constitutional right to plead not guilty and have a trial in which he can confront and cross-examine the witnesses against him." Id. at 7, 86 S. Ct. at 1248, 16 L. Ed. 2d at 319 (emphasis added). The Court held that "the constitutional rights of a defendant cannot be waived by his counsel *under such circumstances*." Id. (emphasis added). The Court noted its ongoing recognition of the principle "that counsel may, under some conditions, where the circumstances are not 'exceptional, preclude the accused from asserting constitutional claims,'" but it held that this principle did not allow an attorney to "override his client's desire *expressed in open court* to plead not guilty." Id. at 7-8, 86 S. Ct. at 1248-49, 16 L. Ed. 2d at 319 (quoting Henry v. Mississippi, 379 U.S. 443, 451, 85 S. Ct. 564, 569, 13 L. Ed. 2d 408, 414-15 (1965) (emphasis added)); see also, e.g., Stephens, 609 F.2d at 232-33 & n.2 (holding counsel's stipulation to facts without express consent of accused is valid as long as stipulation is not "tantamount to a guilty plea"), cited with approval in Bilokur, 221 Va. at 473, 270 S.E.2d at 751-52; Symons v. Klinger, 372 F.2d 47, 49-50 (9th Cir. 1967) (holding waiver of defendant's right to confrontation valid under Brookhart "without [defendant's] personal waiver and consent" where defendant's attorney fully cross-examined government witnesses at preliminary hearing, mounted "vigorous defense . . . based largely upon . . . [c]onstitutional issues" via pre-trial motion to suppress, and then stipulated to use of "record made at preliminary hearing in lieu of trial").

Appellant raised no claim at trial or on appeal that his counsel could not validly waive his right of confrontation. Thus, we do not consider this issue further in this appeal.

the case, or by any other than a prescribed method, has been recognized as a valid exercise of state power." Williams v. Georgia, 349 U.S. 375, 382-83, 75 S. Ct. 814, 819, 99 L. Ed. 1161, 1170 (1955). Under Code § 19.2-266.2, for example, absent "good cause shown," an accused seeking to exclude evidence he contends was gathered in violation of his Fourth, Fifth, or Sixth Amendment rights waives the opportunity to raise such a claim if he does not file a written motion to suppress at least seven days before trial. That code section contains a related subdivision addressing a defendant's claim that charges against him are based on an unconstitutional statute and provides that failure to raise such a claim in a timely fashion also constitutes a waiver. See Johnson v. Commonwealth, 37 Va. App. 634, 644-45, 561 S.E.2d 1, 6 (2002).

Similarly, we hold Code § 19.2-187.1 sets out a reasonable procedure to be followed in order for a defendant to exercise his right to confront a particular limited class of scientific witnesses at trial and that a defendant's failure to follow this procedure amounts to a waiver of the constitutional right to confront such witnesses.[5] This procedure encourages judicial and governmental economy by providing that certain scientific witnesses, employees of the state, need not routinely be called to testify, but it preserves the right of a defendant to confront any such witness as long as he notifies the Commonwealth, in a specific and timely fashion, of his desire to do so.

The holding in Crawford, the United States Supreme Court's 2004 Confrontation Clause decision, does not compel a contrary result, as appellate courts in other jurisdictions have decided. The Supreme Court of Louisiana, for example, reached just such a result in State v.

---

[5] We consider only the constitutionality of the statutes at issue in this case, Code §§ 19.2-187 and 19.2-187.1, which involve admission of the results of specified categories of scientific "analysis or examination," and do not decide the constitutionality of similar statutes that may involve other categories of evidence.

Cunningham, 903 So. 2d 1110 (La. 2005). Pursuant to the statute at issue in Cunningham, if the prosecutor provided a defendant with a copy of the certificate of analysis and written notice, at least ten days prior to trial, of his intent to offer the certificate into evidence at trial, the court was required, subject to certain exceptions, to admit the certificate "as prima facie proof of the facts shown thereon, and as prima facie proof of [the chain of] custody of the physical evidence." Id. at 1115 (citing La. Rev. Stat. Ann. § 15:501). The statute provided the certificate would not serve as prima facie proof if "the party against whom the certificate is offered requests a subpoena for the person performing the analysis at least five days before trial" or "'the person subpoenaed responds to the subpoena.'" Id. (quoting La. Rev. Stat. Ann. § 15:501). The defendant contended the statute both deprived him of his right to confront and cross-examine the witness and impermissibly shifted the burden of proof to him. Id. at 1113-14.

In rejecting the defendant's arguments, the court explained:

> These statutes are [merely] a formalized means of effecting a stipulation to the admissibility of matters which often are not in dispute. . . . After the State has put the defendant on notice, the statute provides the defendant with a small procedural step which must be taken to exercise the right to confrontation. In essence, it is the defendant's decision which dictates whether the State must produce the individual who prepared the report or whether the defendant will agree to use of the [analyst's] report. . . .
>
> \* \* \* \* \* \* \*
>
> . . . As the State conceded at oral argument, once the defendant requests the subpoena, [the express language of the statute provides] the certificate of analysis has no evidentiary value and the State must call the relevant witnesses to prove its case.

Id. at 1119-21; see also City of Las Vegas v. Walsh, 124 P.3d 203, 207-08 (Nev. 2005) (en banc); State v. Campbell, 719 N.W.2d 374, 376-78 (N.D. 2006). As additional support for its reasoning, the Louisiana Supreme Court cited a recognized procedural step involved in a defendant's exercising his Fourth Amendment rights under Louisiana law, noting that "a

defendant must file a [pre-trial] motion to suppress in order to contest an unconstitutional search." Cunningham, 903 So. 2d at 1121 n.11; see Code § 19.2-266.2.

Oregon's appellate courts have taken a like approach, holding Oregon's statute "is a legislative decision to make what amounts to [a request to the defendant to stipulate to the contents and chain of custody of a certificate of analysis] in *every* . . . case." State v. Hancock, 854 P.2d 926, 929 (Ore. 1993); see State v. Miller, 144 P.3d 1052, ____ (Ore. Ct. App. 2006) (holding reasoning in Hancock still valid after Crawford). The Oregon statute at issue in Hancock, which set out a procedure almost identical to Virginia's, provided that certain reports analyzing controlled substances "'shall be accepted as prima facie evidence of the results of the analytical findings'" but that "'the defendant may subpoena the [analyst] to testify at the preliminary hearing and trial . . . at no cost to the defendant.'" Hancock, 854 P.2d at 926 (quoting Or. Rev. Stat. § 475.235). Pursuant to that statute, the Court observed in Hancock,

> Defendant has the right to confront the [analyst]. . . . By its very terms, [the Oregon statute] expressly safeguards a defendant's right to confront and cross-examine, "face-to-face," the person who performed the tests. . . . If a defendant wants to cross-examine the [analyst], he or she must subpoena the [analyst]. Service of the subpoena puts the state on notice that the defendant wants to cross-examine the [analyst]. At trial, the state can, if it wishes, call the [analyst] to testify to the testing processes, or it can offer the report [as permitted by the statute].

Id. at 929.

Similarly, we hold that, even in the wake of Crawford, Virginia's applicable statutes, Code §§ 19.2-187 and 19.2-187.1, are merely a request to the defendant to stipulate to the admissibility of the contents of any properly filed certificates of analysis. Where a defendant waits until trial to assert his right to cross-examine the analyst who prepared a particular certificate, he accepts the request to stipulate and waives his right to confront that witness. See John G. Douglass, Beyond Admissibility: Real Confrontation, Virtual Cross-Examination, and

- 10 -

the Right to Confront Hearsay, 67 Geo. Wash. L. Rev. 191, 229 (1999) ("Properly applied, . . . a rule providing that defendants must request a subpoena to invoke the confrontation right should not work a serious hardship on defendants. In essence, the rule requires that a defendant mean what he says when he asks for confrontation."). But see State v. Smith, 2006 Ohio 1661, *P21-*P26, 2006 Ohio App. LEXIS 1555, **18-**22 (holding "waiver of the confrontation right before trial must be made knowingly, intelligently, and voluntarily" and that waiver not voluntary in Smith's case because language on copy of certificate provided to him contained insufficient information regarding effect of waiver); State v. Caulfield, 722 N.W.2d 304, 312-13 (Minn. 2006) (adopting reasoning of Ohio Court of Appeals in Smith). If the defendant does not wish to enter into such a stipulation, Code § 19.2-187.1 provides the mechanism by which he may reject the request and have the analyst summoned to appear at trial at the cost of the Commonwealth in order to be subject to cross-examination. See Crawford, 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9, 158 L. Ed. 2d at 197 n.9 ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior . . . statements.").

In sum, we hold a defendant's failure timely to notify the Commonwealth of his desire to confront the forensic analyst at trial constitutes a waiver of that right. To the extent appellant also claims the procedure in Code § 19.2-187.1 unconstitutionally placed upon him the burden of presenting evidence in order to exercise his right to call the analyst, see, e.g., Green v. Young, 264 Va. 604, 609, 571 S.E.2d 135, 138 (2002) (recognizing due process right of accused to have Commonwealth prove every element of case against him beyond reasonable doubt), we hold that question is not before us on appeal. Because appellant failed under Code § 19.2-187.1 to "summon[]" "the person performing [the] analysis or examination" or to ask that the Commonwealth do so, the trial court never had occasion to address the proper order of proof.

Assuming without deciding the provisions of Code § 19.2-187.1 relating to the order of proof at trial could conceivably be applied in a way that violates an accused's due process rights,[6] such an application did not occur in appellant's case. See Grosso v. Commonwealth, 177 Va. 830, 838-39, 13 S.E.2d 285, 288 (1941) (assuming without deciding statute may be applied in discriminatory fashion, "one challenging the constitutionality of a provision in a statute has the burden of showing that he himself has been injured thereby"). Thus, we do not consider such a claim in this appeal.

---

[6] In Hancock, the Supreme Court of Oregon narrowly interpreted a statute very similar to Virginia's so as to protect a defendant's due process right to have the Commonwealth prove every element of its case beyond a reasonable doubt:

> We interpret the statute to protect the right of a defendant, if he or she chooses, to have an opportunity to cross-examine the person conducting the analysis *before the analytical report is received into evidence*. If a defendant wants to cross-examine the [analyst], he or she must subpoena the [analyst]. . . . At trial, the state can, if it wishes, call the [analyst] to testify to the testing processes, or it can offer the report [as permitted by the statute]. In either event, before the report is received in evidence, if the defendant has subpoenaed the [analyst], the defendant must be given the opportunity to cross-examine the [analyst]. This construction of the statute protects the defendant's confrontation rights and avoids any confrontation problem. See State v. Jackson, 224 Or. 337, 345, 356 P.2d 495 (1960) (court has "a duty to give an act a constitutional construction if it can be done without wrenching the meaning of words").

854 P.2d at 929 (emphasis added); see State v. Wells, 144 P.3d 1077, ____ (Ore. Ct. App. 2006) (holding ruling in Hancock that narrowed statutory scheme did not shift burden of proof to defendant remains good law in wake of Crawford); see also Pamela R. Metzger, Cheating the Constitution, 59 Vand. L. Rev. 475, 525 (2006) (considering statute that (i) presumes certificate of analysis proves "elemental fact" and (ii) provides presumption "is rebuttable if, and only if, the defendant puts on a case" and opining that such a statute "is [a] classic [example of] burden shifting in defiance of the Constitution").

The Supreme Court of Oregon eliminated potential constitutional problems relating to "burden shifting" by requiring that the analyst be available for cross-examination in the prosecution's case-in-chief.

III.

For these reasons, we hold the procedure in Code §§ 19.2-187 and 19.2-187.1, to the extent that procedure is before us in this appeal, adequately protects a defendant's Confrontation Clause rights.  Because appellant waived that right by failing to invoke it in advance of trial, we hold the trial court's admission of the challenged certificates was not error on these facts, and we affirm appellant's conviction.

Affirmed.