COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


ANDRE COSEAL MORTON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 3037-05-2               JUDGE JEAN HARRISON CLEMENTS
                                                         FEBRUARY 6, 2007
COMMONWEALTH OF VIRGINIA


                   FROM THE CIRCUIT COURT OF HENRICO COUNTY
                                L. A. Harris, Jr., Judge

            Samuel P. Simpson, V, for appellant.

            Alice T. Armstrong, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Andre Coseal Morton (appellant) appeals from his jury trial conviction for possession of

cocaine with intent to distribute, in violation of Code § 18.2-248.  Pursuant to Code § 19.2-187,

the trial court admitted into evidence a certificate of analysis (certificate) from the Department of

Forensic Science establishing that the substance seized from his motel room was cocaine.

Appellant chose not to subpoena the forensic scientist who performed the analysis, despite his

statutory entitlement to do so under Code § 19.2-187.1.  On appeal, appellant argues that the

Confrontation Clause of the Sixth Amendment, which guarantees an accused the right to

confront those who "bear testimony . . . for the purpose of establishing or proving some fact,"

Crawford v. Washington, 541 U.S. 36, 51 (2004), operates in the absence of testimony by the

forensic scientist to preclude the admission of the certificate at trial.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

During the pendency of this appeal, this Court decided <u>Brooks v. Commonwealth</u>, 49 Va. App. 155, 638 S.E.2d 131 (2006), which controls the disposition of the present issue. In <u>Brooks</u>, the Commonwealth offered into evidence certificates of analysis and Brooks chose not to subpoena the analyst. On appeal, Brooks argued the admission of those certificates violated his Sixth Amendment right of confrontation. Assuming without deciding there, as we likewise do here, that a certificate of analysis contains testimonial hearsay, we concluded in <u>Brooks</u> that "the procedure in Code §§ 19.2-187 and 19.2-187.1 adequately protects a defendant's Confrontation Clause rights" and held that "a defendant's failure timely to notify the Commonwealth of his desire to confront the forensic analyst at trial constitutes a waiver of that right." <u>Id.</u> at 161, 168, 638 S.E.2d at 134, 138. In accordance with this clear legal authority, we hold the trial court here did not err in admitting the certificate, and we affirm appellant's conviction.

<u>Affirmed.</u>