# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Stuart B. Dickens

February 20, 2007

Case No. CR06002128-00

BY JUDGE JUNIUS P. FULTON, III

This matter came before the court for trial on October 2, 2006, during which the Defendant raised an objection to the admission of an affidavit offered by the Commonwealth, pursuant to Virginia Code § 18.2-472.1(D). The Defendant's objection was raised on the basis that admission of the affidavit would violate his Sixth Amendment rights to confront his accusers.

The Court took the Defendant's motion under advisement pending consideration of memoranda from counsel and ruled on January 18, 2007, that the objection was well taken and sustained. The Court further indicated that a letter opinion would be forthcoming. In the meantime, the Court has also received the Commonwealth's Motion to Reconsider or in the alternative Reopen the Evidence and allow further testimony.

As indicated in *Hodges v. Commonwealth*, 272 Va. 418, 428-29, 634 S.E.2d 680 (2006), the Supreme Court of Virginia adopted the U.S. Supreme Court's analysis of the Sixth Amendment Confrontation Clause enunciated in *Crawford v. Washington*. This decision bars in certain circumstances the admission of an out of court testimonial statement utilized to establish the truth of the matter asserted unless the declarant is unavailable and the accused has had a prior opportunity to cross-examine the declarant. Because Virginia Code § 18.2-472.1(D) does not include a confrontation mechanism, it is

violative of the Confrontation Clause and cannot be adhered to unless the custodian of records is present to testify at trial as to the contents of the affidavit, and thus providing the Defendant an opportunity to cross-examine his accuser. For example, § 19.2-187.1 is a similar provision dealing with a certificate of analysis. The section states: "The accused ... shall have the right to call the person performing such analysis or examination or involved in the chain of custody as a witness therein and examine him in the same manner as if he had been called as an adverse witness." *Id.* The provision was upheld in a Confrontation Clause challenge because it has this cross-examination mechanism. *Brooks v. Commonwealth*, 49 Va. App. 155, 638 S.E.2d 131 (2006). Consequently, the Court will deny the Commonwealth's motion to reconsider.

Virginia Code § 18.2-472.1(D) states:

> At any trial pursuant to this section, an affidavit from the State Police issued as required by § 9.1-907 shall be admitted into evidence as prima facie evidence of the failure to comply with the duty to register or reregister and a copy of such affidavit shall be provided to the registrant or his counsel seven days prior to hearing or trial by the attorney for the Commonwealth.

Section 9.1-907(A) states, in relevant part:

> The State Police shall forward to the jurisdiction an affidavit signed by the custodian of the records that such person failed to comply with the duty to register or reregister. Such affidavit shall be admitted into evidence as prima facie evidence of the failure to comply with the duty to register or reregister in any trial for violation of § 18.2-472.1.

The threshold question to be addressed by the Court in considering the Defendant's *Crawford* challenge is whether the statement is testimonial. If "nontestimonial," its admission is governed by the common law hearsay rule. If "testimonial" and offered in a criminal trial, the statement is governed by *Crawford v. Washington* and cannot be admitted unless the declarant is unavailable and there was a prior opportunity for cross-examination (or the defendant waived his right to confront his accuser). *Crawford v. Washington*, 541 U.S. 36, 53, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). While the U.S. Supreme Court specifically "left for another day, any effort to spell out a comprehensive definition of 'testimonial'." (*Id.* at 68), it did give some hints

as to the meaning of "testimonial." The Court explained that the Confrontation Clause only applied to " `witnesses' against the accused (i.e. those who `bear testimony)'." " `Testimony,' is typically `[a] solemn declaration or affirmation made for the purposes of establishing or proving some fact.' An accuser who makes the formal statement to government officers bears testimony in the sense that a person who makes a casual remark does not." (*Id.* at 51.) The U.S. Supreme Court provided further guidance on the meaning of "testimonial" in *Davis v. Washington*, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006). The Court stated that statements "are testimonial when the circumstances objectively indicate that there is no such ongoing emergency and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." (*Id.* at 2274.)

In *Michels v. Commonwealth*, the Supreme Court of Virginia employed a two-part analysis in determining whether a certificate of non-registration prepared by the Delaware Secretary of State was "testimonial." 47 Va. App. 461, 470, 624 S.E.2d 675 (2006). First, the Court considered whether the document was "accusatory" by nature, and second whether the affidavit resembled an "ex-parte examination." The *Michels* Court concluded that the certificates of non-registration were not "accusatory" because they did not "describe any criminal wrongdoing ... [and] they were a neutral repository of information that reflects the objective results of a search of public records." *Id.* In *Michels*, the Delaware Secretary of State conducted a search of Delaware L.L.C. records and, thereafter, "certified" that a certain entity was not registered as an L.L.C. in Delaware. *Id.* at 465. The police investigators, in turn, used the certificate as evidence of the defendant's embezzlement. The certificate did not name the defendant and was not created pursuant to a criminal statutory scheme. Also, there was no statutory provision saying that the certificate would be "*prima facie* evidence" of guilt as there is in the statute at issue in this case, § 18.2-472.1.

In the instant case, the affidavit is "accusatory" because it named the Defendant by implication, and accused him of violating a criminal statute. Unlike the facts in *Michels*, the affidavit does "describe past events or facts implicating defendant in [a] criminal scheme." *Id.* at 470. The affidavit states: "the records of the Virginia Department of State Police, show that no Sex Offender Registration (Re-registration) form(s) (either SP-236 or SP-236A) have been filed for this individual between November 18, 2005, to May 3, 2006." The statement clearly "describes past events or facts implicating the defendant in [a] criminal scheme." By saying that there was no record for three months, the custodian accuses Defendant of failing to register or reregister as required by § 18.2-472.1(B).

536

Additionally, the affidavit does resemble "ex-parte examination." *Id.* at 470 (*citing Crawford*, 541 U.S. at 50). The sworn statement indicating that the Defendant failed to register resembles "the civil-law mode of criminal procedure" frowned upon in *Crawford* because it involves sworn testimony with only one party represented being admitted into evidence without cross-examination. 541 U.S. at 50 ("the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly, its use of ex-parte examination as evidence against the accused."). The Supreme Court in *Crawford* described the "core class" of testimonial statements as follows:

> [1] ex parte in-court testimony or its functional equivalent – that is, material such as *affidavits,* custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statement that declarants would reasonably expect to be used prosecutorially; [2] extrajudicial statements … contained in formalized testimonial materials, such *affidavits,* dispositions, prior testimony, or confessions; [3] statements that were made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Crawford v. Washington*, 541 U.S. 36, 51-52, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (citations omitted and emphasis added).

The affidavit the Commonwealth sought to use in this case clearly falls within the aforementioned categories of "core" testimonial statements. Because it is a sworn statement, it would be the "functional equivalent" of "in-court testimony." It would also be an "extrajudicial statement contained in formalized testimonial materials." Furthermore, because it was created and sworn to in order that it could be used in the prosecution of Va. Code § 18.2-472.1, it would obviously lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

The Commonwealth argues that the affidavit at issue is a public record and, as such, it does not violate the Confrontation Clause. The Court finds this argument to be without merit. As the Supreme Court stated in *Crawford v. Washington*: "[I]nvolvement of government officers in the production of testimony with an eye toward trial present unique potential for prosecutorial abuse. A fact borne out time and again throughout history with which the Framers were keenly familiar. … *This consideration does not evaporate when the testimony happens to fall within some broad, modern hearsay exception,*

*even if that exception might be justifiable in other circumstances.*" 541 U.S. at 56, n. 7 (emphasis added). Therefore, even though the affidavit may fall within the public record exception, it is still testimonial and, thus, inadmissible unless the declarant is unavailable and the Defendant had a prior opportunity to cross-examine the declarant.

The Commonwealth has requested the Court not only reconsider its rulings, but alternatively allow it to reopen its case. The Defendant points out that, if the Commonwealth wanted to present the custodian of records, the appropriate time to do so was on October 2, 2006, during the trial and not after an adverse ruling from the Court. The defense argues that the motion to reopen is essentially a motion for a new trial, and would amount to the Defendant's being placed in jeopardy once again, in violation of the Virginia and Federal constitutions. The Court agrees, and, thus, the Commonwealth's motions to reconsider or alternatively reopen the evidence will be denied.