COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Clements and Haley
Argued at Chesapeake, Virginia


BRIAN CURTIS McCRAY

v.       Record No. 1781-06-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. HALEY, JR.
JANUARY 22, 2008

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Christian L. Connell (Christian L. Connell, P.C., on brief), for
appellant.

(Robert F. McDonnell, Attorney General; Gregory W. Franklin,
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


I.  Introduction

Brian Curtis McCray appeals from his conviction in the Circuit Court of the City of

Norfolk for possession of cocaine with intent to distribute in violation of Code § 18.2-248.  He

argues the circuit court erred in admitting a certificate of analysis presented by the

Commonwealth because the certificate constituted testimonial evidence and its admission

thereby violated his Sixth Amendment right to confront witnesses.  Finding no error, we affirm.

II.  Facts

Because this case presents a narrow issue for determination, only a short recitation of the

facts is necessary.

[*]  Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Officer D.S. Vernon of the Norfolk Police Department saw McCray holding what appeared to be drugs in plain view. Officer Vernon seized the evidence and arrested McCray. A grand jury subsequently indicted McCray for possession of cocaine with intent to distribute in violation of Code § 18.2-248. Prior to trial, the Commonwealth timely filed, and caused to be mailed or delivered, a copy of a certificate of analysis, as required by Code § 19.2-187.[1] McCray did not avail himself of the right to compel the attendance at trial of the person who performed the analysis, as granted by Code § 19.2-187.1.

During a bench trial on November 22, 2005, the Commonwealth offered a certificate of analysis from the Department of Forensic Science dated November 7, 2005, showing some of the substances taken by Officer Vernon to be cocaine and setting forth their amount.[2] Counsel for McCray stated the following objection: "The only objection I would have . . . would be based on Crawford v. Washington. . . . I do believe it violates his right to confrontation." The circuit court overruled the objection. Thus generated the question presented here.

---

[1] In relevant part, Code § 19.2-187 provides as follows:

> In any hearing or trial of any criminal offense . . . a certificate of analysis of a person performing an analysis or examination . . . when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial.
>
> A copy of such certificate shall be mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at no charge at least seven days prior to the hearing or trial upon request made by such counsel to the clerk with notice of the request to the attorney for the Commonwealth.

[2] The certificate also identified a portion of the substances as heroin. Furthermore, defense counsel stipulated to the chain of custody.

III.  Analysis

The Sixth Amendment of the United States Constitution provides in what is known as the Confrontation Clause that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  By virtue of the Fourteenth Amendment of the United States Constitution, the Confrontation Clause applies to state proceedings.  Pointer v. Texas, 380 U.S. 400, 406 (1965).  In Crawford v. Washington, 541 U.S. 36, 68 (2004), the United States Supreme Court held that to admit testimonial hearsay for the truth of the statement against a criminal defendant, "the Sixth Amendment demands what the common law required: unavailability [of the declarant] and a prior opportunity for cross-examination."  The Court did not specify what constituted testimonial evidence, although it did find "it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations."  Id.

Our decision is controlled by our holding in Brooks v. Commonwealth, 49 Va. App. 155, 638 S.E.2d 131 (2006).  In Brooks, we held that "[a]ssuming without deciding the certificates [of analysis] contained information considered testimonial under Crawford . . . the procedure in Code §§ 19.2-187 and 19.2-187.1 adequately protects a defendant's Confrontation Clause rights."[3]  Id. at 161, 638 S.E.2d at 134.  Code § 19.2-187 provides a certificate of analysis is

---

[3] The straightforward application of Brooks to this case becomes evident when the question presented here is compared to the holding of Brooks.  McCray's brief states the question presented as follows:

> Did the trial judge err when he failed to sustain McCray's objection to the admission into evidence of the certificate of analysis, because the certificate of analysis constituted "testimonial" evidence under Crawford v. Washington, 541 U.S. 36 (2004) and its admission into evidence therefore violated McCray's constitutional right to confront the witnesses against him?

admissible as proof of the contents stated in it.  Code § 19.2-187.1 supplements this by stating

that whenever a certificate of analysis is admitted, a defendant has the right to call the scientist

who performed the analysis and question him as an adverse witness.  The Code gives the

Commonwealth the obligation to subpoena and produce the scientist.  Id.  The Brooks Court

noted the Sixth Amendment's right of confrontation is not absolute and that defendants may

waive the right.  Brooks, 49 Va. App. at 162-63, 638 S.E.2d at 135.  It also noted it is well settled

that states may condition the exercise of federal rights upon following certain procedures.  Id. at

164, 638 S.E.2d at 136.  Reflecting upon this, the Brooks Court held the Code "sets out a

reasonable procedure to be followed in order for a defendant to exercise his right to confront a

particular limited class of scientific witnesses at trial and that a defendant's failure to follow this

procedure amounts to a waiver" of the right of confrontation.  Id. at 164-65, 638 S.E.2d at 136.

On the facts of the case, the Court held that since the defendant neglected to inform the

Commonwealth of his desire to have the scientist who prepared the certificate of analysis present

until the day of trial, the defendant waived his Confrontation Clause rights.  Id. at 162, 638

S.E.2d at 135.

Likewise, the defendant in this case gave the Commonwealth no notice of his desire to

examine the scientist who prepared the certificate of analysis before the day of trial.  He

therefore waived his Confrontation Clause rights.  Id.

Recognizing the force of our holding in Brooks, McCray expends considerable effort in

his brief arguing Brooks was wrongly decided.  Yet as the Commonwealth correctly notes in its

brief, published panel decisions of this Court bind future panels until modified by this Court

sitting *en banc*, the Virginia Supreme Court, or the United States Supreme Court.  Armstrong v.

---

The question presented tracks the holding of Brooks as quoted in the text of this opinion nearly
word for word.

<u>Commonwealth</u>, 263 Va. 573, 581, 562 S.E.2d 139, 143 (2002).  The Court accordingly applies

<u>Brooks</u> here.

For the foregoing reasons, we affirm McCray's conviction.

<u>Affirmed.</u>