COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


KI-HO MIN, S/K/A
   JOHN MIN,
                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2594-06-2                     JUDGE JEAN HARRISON CLEMENTS
                                                           MARCH 25, 2008
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                                Cleo E. Powell, Judge

              Denis C. Englisby (Englisby, Englisby, Vaughn & Englisby, on
              brief), for appellant.

              Robert H. Anderson, III, Senior Assistant Attorney General
              (Robert F. McDonnell, Attorney General, on brief), for appellee.


        Ki-Ho Min (appellant) was convicted in a bench trial of driving while intoxicated (DWI)

in violation of Code § 18.2-266.  On appeal, appellant contends the trial court erred in admitting

a certificate of blood alcohol analysis (BAC).  Finding no error, we affirm appellant's

conviction.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

        Appellant was charged with driving while intoxicated with a blood alcohol level of .18,

based on the results of a blood alcohol breath analysis, administered by a "booking tech" and

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

certified in the BAC.  In a pre-trial motion, appellant moved the trial court to suppress

"any . . . certificates anticipated to be introduced by the Commonwealth against [him] in

violation of his constitutional rights guaranteed by the Fourth, Fifth and/or Sixth Amendments."

The motion was ultimately denied.  Appellant did not subpoena the booking tech or anyone else

involved in the production of the BAC.

Trial commenced on July 27, 2006.  The arresting officer was the sole prosecution

witness, and the BAC was admitted into evidence over appellant's continuing objection that its

admission violated his Sixth Amendment rights.  Appellant was convicted as charged, and this

appeal followed.

Appellant argues that, because the BAC represented testimonial evidence, the admission

of the BAC violated his constitutional right of confrontation.  See Crawford v. Washington, 541

U.S. 36, 68 (2004) ("Where [the admission of] testimonial [hearsay] evidence is at issue, . . . the

Sixth Amendment demands what the common law required:  unavailability [of the out of court

declarant] and a prior opportunity for cross-examination.").  In considering the issues he raises,

we assume without deciding that the BAC represents testimonial evidence.  Cf. Luginbyhl v.

Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 78 (2006) (assuming without deciding,

pursuant to a harmless error analysis, that the results of a breath alcohol analysis and its

accompanying certificate represent testimonial hearsay for purposes of Crawford).

Code § 19.2-187 provides as follows:

> In any hearing or trial of any criminal offense, . . . a
> certificate of analysis of a person performing an analysis or
> examination, performed in any laboratory operated by the Division
> of Consolidated Laboratory Services or the Department of Forensic
> Science or authorized by such Department to conduct such analysis
> or examination, or performed by the Federal Bureau of
> Investigation, the federal Postal Inspection Service, the federal
> Bureau of Alcohol, Tobacco and Firearms, the Naval Criminal
> Investigative Service, the National Fish and Wildlife Forensics
> Laboratory, the federal Drug Enforcement Administration, or the

United States Secret Service Laboratory when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein . . . .

Pursuant to Code § 19.2-187.1, an accused has "the right to call the person performing such analysis or examination or involved in the chain of custody as a witness therein, and examine him in the same manner as if he had been called as an adverse witness." In Brooks v. Commonwealth, 49 Va. App. 155, 168-69, 638 S.E.2d 131, 138 (2006), we held—with respect to evidence admitted pursuant to Code § 19.2-187—that the constitutional right to confrontation is subject to waiver when an accused fails to avail himself of his statutory right to subpoena the person who performed the analysis. See Magruder v. Commonwealth, __ Va. __, __, __ S.E.2d __, __ (Feb. 29, 2008) ("[T]he procedure in Code § 19.2-187.1 adequately safeguards a criminal defendant's rights under the Confrontation Clause and [a] defendant['s] failure . . . to utilize that procedure waived [his] right to . . . enjoy the elements of confrontation.").

Brooks and Magruder control our resolution of the present issue. Because appellant did not subpoena the booking tech, he waived his opportunity to cross-examine potential witnesses. The trial court therefore did not violate his constitutional rights when it admitted the BAC in accordance with the terms of Code § 19.2-187.

Appellant nevertheless contends for the first time on appeal that our holding in Brooks[1] is inapplicable here because Brooks addressed the admission of a certificate of analysis in a prosecution for possession of a controlled substance. He now asserts that a BAC is "factually distinctive," and argues that the provisions of Code §§ 19.2-187 and 19.2-187.1 will not "save[] the day for [a] prosecutor" seeking the admission of a BAC in a DWI case. Also for the first

---

[1] Briefs and argument in the present case were completed prior to the publication of the Supreme Court of Virginia's decision in Magruder. However, appellant's arguments under Brooks apply with equal merit under Magruder.

time on appeal, appellant claims that BAC evidence is not "covered" under Code § 19.2-187 because the BAC here was not performed by one of the entities explicitly designated therein.

Pursuant to Rule 5A:18, "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc) (citations omitted), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004); see also Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) ("[The objection] must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it."). As these arguments were not presented before the trial court, we will not consider them now. And although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. "We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

Finding each of appellant's arguments to be without merit or procedurally barred, we affirm his conviction.

Affirmed.