687 S.E.2d 105

**Demetrius Lamar FARMER**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1694–08–3.**

Court of Appeals of Virginia,
Richmond.

Jan. 12, 2010.

Jessica M. Bulos, Assistant Appellate Defender (Office of the Appellate Defender, on briefs), for appellant.

Stephen R. McCullough, State Solicitor (William C. Mims, Attorney General; Virginia B. Theisen, Senior Assistant Attorney General, on brief), for appellee.

Present: BEALES, POWELL and ALSTON, JJ.

POWELL, Judge.

Demetrius Lamar Farmer (appellant) appeals his convictions for possession of cocaine, in violation of Code § 18.2–250; possession of a firearm while in possession of cocaine, in violation of Code § 18.2–308.4; possession of a firearm by a person under age 29 with a prior juvenile conviction, in violation of Code § 18.2–308.2; and misdemeanor possession of marijuana, in violation of Code § 18.2–250.1. On appeal, appellant contends the trial court erred in ruling the admission of the certificate of drug analysis did not violate appellant's right of confrontation and that Virginia's statutory provision allowing him to call the analyst did not cure the Confrontation Clause or due process violations because the statute caused impermissible burden-shifting. We agree that the certificate contained testimonial hearsay but hold that appellant waived his right to confront the preparer of the certificate.

## I. BACKGROUND

At his bench trial, appellant objected to the admission of the laboratory certificate of analysis for the cocaine and marijuana that he was charged with possessing. He alleged that the admission of this certificate violated his due process and Confrontation Clause rights because he was denied the opportunity to cross-examine the forensic analyst who performed the tests. The appellant neither subpoenaed the forensic analyst who prepared the laboratory certificate nor did he request that either the Commonwealth or the trial court subpoena the analyst under Code § 19.2–187.1. The trial court, relying on *Magruder v. Commonwealth,* 275 Va. 283, 657 S.E.2d 113 (2008), *cert. granted sub nom. Briscoe v. Virginia,* —— U.S. ——, 129 S.Ct. 2858, 174 L.Ed.2d 600 (2009), overruled appellant's objections. At the conclusion of the trial, the court convicted appellant of all charged offenses.

## II. ANALYSIS

Appellant argues that *Melendez–Diaz v. Massachusetts,* —— U.S. ——, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009),

controls this case and requires that his convictions be reversed and the matter remanded for a new trial. Specifically, he asserts that, under *Melendez–Diaz*, laboratory certificates are testimonial and that the provision in Code § 19.2–187.1 that requires an accused to subpoena the preparer of the laboratory certificate impermissibly places the burden on the accused to provide evidence in order to maintain his right to confront.[1] The Attorney General counters that *Magruder* controls and, therefore, appellant waived his right to confrontation and due process challenges by failing to invoke the provisions of Code § 19.2–187.1. Moreover, the Attorney General asserts that the Supreme Court of the United States approved notice-and-demand statutes, like the Virginia statute in place at the time of appellant's trial. Appellant responds that his argument is not waived and Virginia's then-in-effect statutes placed an unconstitutional burden on him and, therefore, were not notice-and-demand statutes as contemplated by *Melendez–Diaz*.

It is unquestionable that the laboratory certificate of drug analysis was testimonial under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *Melendez–Diaz*, —— U.S. at —— – ——, 129 S.Ct. at 2531–32; *see Grant v. Commonwealth*, 54 Va.App. 714, 719–20, 682 S.E.2d 84, 87 (2009) (applying *Melendez–Diaz* to hold that the attestation clause on a certificate of breath analysis is testimonial in nature and that its admission in the face of a proper objection, without providing an opportunity for cross-examination of the attestor, constituted a violation of the Confrontation Clause).

That said, under the facts of this case, appellant waived any Confrontation Clause or Due Process Clause violation that may have occurred by the admission of the laboratory certificate of drug analysis. As our Supreme Court has recognized, "it is undisputed that a criminal defendant can

---

1. Essentially, he asks this Court to overrule our Supreme Court's decision in *Magruder*, 275 Va. 283, 657 S.E.2d 113, simply because it is has been granted certiorari by the Supreme Court of the United States. He contends that *Melendez–Diaz* supports the proposition that Code § 19.2–187.1 as it existed when he was convicted is unconstitutional.

waive the right to confrontation," and "[t]he decision in *Crawford* did not alter that fact." *Magruder*, 275 Va. at 302, 657 S.E.2d at 122–23; *see Melendez–Diaz*, —— U.S. at —— n. 3, 129 S.Ct. at 2534 n. 3. " 'Code § 19.2–187.1 sets out a reasonable procedure to be followed in order for a defendant to exercise his right to confront a particular limited class of scientific witnesses at trial' " and this procedure "adequately safeguards a criminal defendant's rights under the Confrontation Clause." *Magruder*, 275 Va. at 301, 305, 657 S.E.2d at 122, 124 (quoting *Brooks v. Commonwealth*, 49 Va.App. 155, 164, 638 S.E.2d 131, 136 (2006)). A "defendant's failure . . . to utilize that procedure waive[s] [the] right to be confronted with the forensic analyst[ ], i.e., to enjoy the elements of confrontation." *Id.* at 305, 657 S.E.2d at 124; *see Grant*, 54 Va.App. at 724, 682 S.E.2d at 89 (quoting *Magruder* for the proposition that "a criminal defendant [can] 'insur[e] the physical presence of the forensic analyst at trial' under Code § 19.2–187.1 'by issuing a summons for their appearance at the Commonwealth's cost, *or asking the trial court or Commonwealth to do so* ' " (emphasis added in *Grant* )).

Here, appellant objected *at trial* to the admissibility of the laboratory certificate. He did not subpoena the forensic analyst prior to trial nor did he request that the court or Commonwealth do so. Thus, appellant waived his confrontation right by not securing the forensic analyst's presence at trial. *Cf. Grant*, 54 Va.App. at 724, 682 S.E.2d at 89 (where this Court held "[w]e also agree with the Commonwealth that Grant *complied* with the requirement of Code § 19.2–187.1 and *did not* waive his right to confront the person who prepared the certificate" (emphasis added)). Therefore, the trial court correctly ruled that the laboratory certificate of drug analysis was admissible.

▮▮ Farmer further contends that the statutory scheme impermissibly shifted the burden of producing evidence by requiring him to call the forensic analyst in order to exercise his right to confront that witness. "This argument is not cognizable under the Confrontation Clause." *Magruder*, 275

Va. at 301, 657 S.E.2d at 122 (quoting *United States v. Owens*, 484 U.S. 554, 559, 108 S.Ct. 838, 842, 98 L.Ed.2d 951 (1988), for the proposition that "the Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination'"). This burden-shifting argument raises due process, not Confrontation Clause, concerns that appellant failed to properly preserve for appeal to this Court.

> Because the defendants did not avail themselves of the opportunity to require the presence of a particular forensic analyst at trial, they were never in the position of being forced, over their objection, to call a forensic analyst as a witness. In other words, no defendant said to the respective circuit court, "the forensic analyst is here to testify but the Commonwealth must first call the witness." Like the situation in *Brooks*, "the trial court never had occasion to address the proper order of proof." 49 Va.App. at 168, 638 S.E.2d at 138; *but see Belvin v. State*, 922 So.2d 1046, 1054 (Fla.Dist.Ct.App.2006) ("[S]tatutory provision, [providing defendant with the opportunity to subpoena breath test operator,] does not adequately preserve the defendant's Sixth Amendment right to confrontation" because it impermissibly shifts the burden to the defendant to produce evidence.); *State v. Birchfield*, [342 Or. 624] 157 P.3d 216, 220 (Or.2007) ("[I]t is clear that the transfer of legal responsibility to secure the attendance of the declarant from the state to the defendant cannot withstand constitutional scrutiny.").

*Magruder*, 275 Va. at 301–02, 657 S.E.2d at 122.

Here, as in *Magruder*, appellant failed to request the forensic analyst's presence during the trial and, thus, he was "never in the position of being forced, over [his] objection, to call a forensic analyst as a witness." *Id.* at 301, 657 S.E.2d at 122. Having failed to secure the analyst's presence, appellant was never in a position to demand that the Commonwealth be required to call the forensic scientist as a witness and "the trial court never had occasion to address the proper order of proof." *Id.* Thus, appellant failed to satisfy the contemporaneous objection requirement of Rule 5A:18.

**578**

Because we may not invoke the ends of justice exception to Rule 5A:18 *sua sponte* and appellant does not ask us to do so, we hold that appellant waived his due process objection and decline to consider this argument on appeal. *Edwards v. Commonwealth*, 41 Va.App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc), *aff'd by unpub'd order*, No. 040019 (Va. Oct. 15, 2004).

## III. CONCLUSION

For the foregoing reasons, we affirm.

*Affirmed.*