COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Haley
Argued at Chesapeake, Virginia

DONALD KENNETH BROWN, JR.

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0329-09-1                    JUDGE D. ARTHUR KELSEY
                                                        MAY 4, 2010

COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Norman A. Thomas, Judge

                Robert H. Knight, III, Assistant Public Defender (J. Barry
                McCracken, Assistant Public Defender; Office of the Public
                Defender, on brief), for appellant.

                John W. Blanton, Assistant Attorney General (Kenneth T.
                Cuccinelli, II, Attorney General, on brief), for appellee.


        The trial court convicted Donald Kenneth Brown, Jr. of driving on a suspended

operator's license, third or subsequent offense, in violation of Code § 46.2-301.  On appeal,

Brown does not dispute that he violated Code § 46.2-301(B) by driving on a suspended license.

Brown instead challenges only the finding under § 46.2-301(C)'s recidivism enhancement that

he committed a "third or subsequent offense within a 10-year period" requiring a minimum

10-day jail term.[1]

        The only evidence proving prior offenses, Brown argues, was a DMV transcript which

the trial court reviewed but never admitted into evidence.  Appellant's Br. at 4.  "Simply put,"

Brown reasons, "the record does not reflect that the trial court admitted the document into

evidence."  Id.  "None of the other documents constituting the record on appeal reflect the

admission of such a transcript into evidence."  Id.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Brown was also charged with, and found guilty of, resisting arrest in violation of Code
§ 18.2-479.1.  That conviction is not before us.

As Brown's counsel conceded at oral argument on appeal, however, a closer examination of the trial court record suggests otherwise. See Oral Argument Audio 1:30 to 2:55. Pursuant to Rule 5A:8(c), Brown submitted a statement of facts to the trial court summarizing the testimony and arguments from the parties. Adopted without revision by the trial court, the statement recites: "Upon consideration of argument of counsel and a *sua sponte* reopening of the evidence to review the defendant's DMV transcript, the trial court found the defendant guilty of both offenses as alleged in the warrants." App. 9 (Statement of Facts ¶ 5, at 3); see also App. 7 (noting the trial court "considered" the DMV transcript).

Brown did not object generally to the statement of facts[2] or object specifically to the trial court's "reopening of the evidence" to review the prior conviction evidence summarized in his DMV transcript.[3] Nor does he argue on appeal the trial court abused its discretion by *sua sponte* reopening the evidentiary record[4] or by misreading the DMV transcript to find two or more prior offenses under Code § 46.2-301.[5]

In sum, the trial court did not consider evidence outside the evidentiary record. To the contrary, the court reopened the record for the very purpose of receiving the DMV transcript into

---

[2] If Brown had concerns or objections regarding the statement of facts, "Rule 5A:8(d) provides a procedure for objecting to the content of the statement of facts that [he] failed to employ." Grant v Commonwealth, 54 Va. App. 714, 726 n.6, 682 S.E.2d 84, 90 n.6 (2009).

[3] "As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

[4] See Lebedun v. Commonwealth, 27 Va. App. 697, 716, 501 S.E.2d 427, 436 (1998).

[5] We could not, in any event, assess the sufficiency of the DMV transcript to prove prior offenses because it was not included among the materials forwarded to us on appeal. "The appellant must present to the appellate court *all* the evidence considered by the trial judge, including evidence that may have been considered improperly but without objection." M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 703, 568 S.E.2d 391, 396 (2002) (*en banc*) (emphasis in original).

- 2 -

evidence.  It was unnecessary for the trial court to do more for the DMV transcript to be considered part of the evidentiary record.  See Martin v. Winston, 181 Va. 94, 105, 23 S.E.2d 873, 877 (1943); Nicholson v. Nicholson, 21 Va. App. 231, 237 n.4, 463 S.E.2d 334, 337 n.4 (1995); Mueller v. Commonwealth, 15 Va. App. 649, 652, 426 S.E.2d 339, 341 (1993).

We thus affirm Brown's conviction and sentence under Code § 46.2-301(C).


Affirmed.