COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Frank, Kelsey and Alston
Argued at Chesapeake, Virginia


CINDY LYNN WHITEHURST

v.      Record No. 0531-13-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT P. FRANK
MARCH 11, 2014

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

Amina Matheny for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Cindy Lynn Whitehurst, appellant, was convicted, in a bench trial, of possessing a Schedule

I or II controlled substance, with the intent to distribute in violation of Code § 18.2-248.  On appeal,

she contends the admission of the drug certificate of analysis violated her Sixth Amendment right to

confrontation.  For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

On appeal, we will consider the evidence in the light most favorable to the Commonwealth,

as it prevailed in the trial court.  Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499,

504 (2012).

Officer B. Ring of the Chesapeake Police Department approached appellant's vehicle and

observed a white rock next to appellant's right leg, next to the vehicle's center console.  From his

experience, he recognized the rock to be "a crack cocaine rock."  Appellant picked up the rock and

placed it in a fast-food bag.  Appellant exited her vehicle, and the officer saw a rock of crack

cocaine at appellant's feet. Appellant was then arrested. A search of appellant's vehicle revealed crack cocaine in a plastic baggie.

The officer advised appellant of her rights under Miranda v. Arizona, 384 U.S. 436, 439 (1966). Thereafter, appellant admitted she was a long time cocaine user, that she normally bought "eight balls" of cocaine, and that she started selling drugs after she was in an accident. She also confessed ownership of the cocaine.

## PROCEDURAL BACKGROUND

On March 2, 2012, the attorney for the Commonwealth e-mailed defense counsel, inquiring whether counsel would stipulate the chain of custody of the drugs and whether counsel would require the presence of the analyst. Counsel expressed no desire to have the analyst present. Nevertheless, the Commonwealth's attorney sent out the notice required by Code § 19.2-187. The trial was continued a number of times.

The Commonwealth, on March 6, 2012, and pursuant to Code § 19.2-187, filed a notice of its intent to offer into evidence the certificate of analysis without having the analyst present. A copy of that notice was mailed to appellant's trial counsel on the same date.[1] Appellant did not file a written objection as required by Code § 19.2-187(B).

On September 19, 2012, defense counsel filed a notice indicating appellant did not waive the presence of the analyst and asserting her right of confrontation under the Sixth Amendment. However, appellant did not subpoena the analyst.

---

[1] In this appeal, appellant does not challenge the Commonwealth's compliance with the mandate of Code § 19.2-187, nor does she challenge the constitutionality of that statute.

At the September 24, 2012 trial, appellant testified that she never discussed waiver of her right of confrontation with her attorney and never agreed that the analyst not be present.[2]

Appellant argued to the trial court that her previous counsel cannot waive appellant's right to confrontation without the client's express consent. The trial court denied appellant's Sixth Amendment motion.

This appeal follows.

ANALYSIS

On appeal, appellant contends the trial court erred in admitting the certificate of analysis, because appellant did not waive her constitutional right of confrontation. This assignment of error is based on appellant's premise that she personally must waive that right.

It is well settled that "'[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Wood v. Commonwealth, 57 Va. App. 286, 304, 701 S.E.2d 810, 818-19 (2010) (quoting James v. Commonwealth, 18 Va. App. 746, 753, 446 S.E.2d 900, 904 (1994)).

The Commonwealth counters appellant's argument by pointing to the waiver provision of Code § 19.2-187.1, which states that, upon receiving notice of the Commonwealth's intent to introduce the certificate of analysis in lieu of the analyst's testimony, the accused must, within 14 days, file an objection to the introduction of the certificate without the presence of the analyst. The Commonwealth correctly points out appellant did not file an objection pursuant to the statute. Appellant did not comply with the procedural requirements of this statute, so she cannot now seek

---

[2] The Commonwealth did mistakenly subpoena the analyst for the July 19, 2012 trial, but the analyst was unable to attend for medical reasons. She was not subpoenaed again. Appellant does not contend she assumed the Commonwealth would again subpoena the analyst for the September 24, 2012 trial date and therefore did not subpoena her under Code § 19.2-187.1(F).

relief under the statute. Under Code § 19.2-187.1(B), appellant's failure to object within 14 days constitutes a waiver of her objection.

The first indication that appellant opposed the introduction of the certificate was her motion filed September 19, 2012, after trial had been continued several times. This was long after the 14-day deadline for an objection had passed.

Appellant maintains that only she could waive her Sixth Amendment rights and that counsel never discussed any waiver with her.[3] Essentially, appellant argues her counsel had no authority to waive her Sixth Amendment right without her express consent. However, this is not the law.

"The 'unilateral avowal of counsel, if unchallenged' is a proper proffer." Wright v. Commonwealth, 52 Va. App. 690, 697, 667 S.E.2d 787, 790 (2008) (quoting Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977)). Further, it has been established that in a criminal trial, the defendant's counsel has the authority to manage most aspects of the defense without first obtaining the consent of the defendant. See Florida v. Nixon, 543 U.S. 175, 187 (2004). "Decisions that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) (internal quotation marks omitted). Those "trial strategy" decisions are exactly what appellant complains of now, but her counsel clearly had the authority to waive the presence of the analyst.

The only decisions that the United States Supreme Court has identified as belonging exclusively to the defendant are "whether to plead guilty, waive a jury, testify in his or her own

---

[3] Appellant quotes Code § 19.2-187.1(B) only to state "The accused may object in writing to admission of the certificate of analysis, in lieu of testimony, as evidence of the facts stated and of the results of the analysis or examination." Yet, she omits that portion of the statute requiring the objection to be filed within 14 days.

behalf, or take an appeal." Jones v. Barnes, 463 U.S. 745, 751 (1983).[4] As such, appellant's trial counsel could, and did, waive the analyst's presence at trial, and the trial court was entitled to accept that waiver.

The statute also addresses, in general terms, a potential waiver by appellant's counsel. Code § 19.2-187.1(B) states in part that once the written objection is filed, the certificate is inadmissible unless "ii) the objection is waived by the accused *or* his counsel in writing or before the court . . . ." (Emphasis added). While this particular portion of the statute does not relate to the appellant's argument, it does express legislative intent authorizing counsel to waive his client's right of confrontation.

We further note that Code § 19.2-187.1(F) allows the accused, despite the waiver, to call the analyst as a witness and "examine him in the same manner as if he had been called as an adverse witness." Under the statute, appellant could have summoned the analyst "at the cost of the Commonwealth." However, appellant did not subpoena the analyst.

In her brief, appellant does not cite any cases that discuss the waiver provision of the statute, nor whether counsel can waive appellant's right of confrontation. In fact, the sole case cited by appellant (other than the standard of review) is Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), which is the cornerstone of Sixth Amendment jurisprudence concerning admission of a certificate of analysis. However, Melendez-Diaz does not help appellant in this analysis. Code

---

[4] The Supreme Court of Virginia, in Bilokur v. Commonwealth, 221 Va. 467, 270 S.E.2d 747 (1980), addressed whether counsel or the defendant can waive the defendant's right of confrontation. The Court rejected appellant's argument that the waiver must be affirmatively shown. The Court cited United States v. Stephens, 609 F.2d 230, 232-33 (5th Cir. 1980), which held that "counsel . . . may waive his client's . . . right of confrontation by stipulating to the admission of evidence, so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic." The Supreme Court of Virginia also found that stipulating to a five-year-old victim's testimony was a legitimate trial tactic, as it could be "highly imprudent to insist upon the in-court testimony of a witness . . . whose age, physical appearance, or personal demeanor would arouse the sympathy and inflame the passions of the factfinder." Bilokur, 221 Va. at 473, 270 S.E.2d at 752.

§ 19.2-187.1, as amended after that case was released, is a notice-and-demand statute, the very type of statute approved in Melendez-Diaz. In that case, the United States Supreme Court noted:

> In their simplest form, notice-and-demand statutes require the prosecution to provide notice to the defendant of its intent to use an analyst's report as evidence at trial, after which the defendant is given a period of time in which he may object to the admission of the evidence absent the analyst's appearance live at trial.

Id. at 326. The Court opined that the burden remains with the accused, stating "[t]he defendant always has the burden of raising his Confrontation Clause objection; notice-and-demand statutes simply govern the time within which he must do so. States are free to adopt procedural rules governing objections." Id. at 327 (citing Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977)). In this case, appellant failed to comply with the Commonwealth's rules for objecting to admission of a certificate of analysis without the analyst present. Therefore, her objection is deemed waived.

CONCLUSION

Appellant did not timely object to the Commonwealth's notice of intent to introduce the certificate of analysis in the absence of the person who performed the analysis. Therefore, her objection was waived, and the trial court properly admitted the certificate. Further, had the certificate been improperly admitted, any error would have been harmless.

The sentencing order incorrectly states that appellant was convicted under Code § 18.2-250, rather than Code § 18.2-248. Therefore, we will affirm the trial court and remand this case for correction of a clerical error in the sentencing order.

Affirmed and remanded.