UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Chafin and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

LASHONDA MARIE MOTT

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1802-15-1               JUDGE RUDOLPH BUMGARDNER, III
                                                    NOVEMBER 29, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Kimberly Karle, Deputy Public Defender, for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Lashonda Marie Mott appeals her convictions for four counts of felony child neglect in

violation of Code § 18.2-371.1(B)(1).  She concedes she used "poor judgment" in leaving her

four minor children by themselves in a hotel room for an extended period of time, but argues her

conduct was not "so gross, wanton and culpable as to show a reckless disregard for human life,"

as required under the statute.  We disagree and affirm her convictions.

On the evening of August 25, 2014, the defendant borrowed a truck belonging to an

acquaintance, Brian Wiggins, to go to the Dollar Store.  She left her four children, ages one,

three, five, and seven years, with Wiggins in the hotel room where they were staying.  The

defendant knew Wiggins had to be at work at 6:00 a.m. the next morning.  Wiggins testified that

when he awoke the next morning at 4:30 a.m., he thought the defendant had returned to the hotel

because he saw her purse in the room, even though she was not in the room.  His truck was not in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the parking lot, but Wiggins believed the defendant likely had run out of gas the previous night. He walked to work, leaving the children without adult supervision.

A hotel employee called the police after discovering the children by themselves in the room about 2:00 p.m., and the defendant returned to the hotel about 3:00 p.m. In the hotel room, the police found a BB gun, a pocketknife, an open beer can, and a cup that appeared to contain an alcoholic beverage. There were unopened beer cans in the room's refrigerator but no readily edible food.

"When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). "On appeal, we will consider the evidence in the light most favorable to the Commonwealth, as it prevailed in the trial court." Whitehurst v. Commonwealth, 63 Va. App. 132, 133, 754 S.E.2d 910, 910 (2014). "If there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at trial." Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).

A conviction under Code § 18.2-371.1(B)(1) requires a finding of "gross negligence." Bean-Brewer v. Commonwealth, 49 Va. App. 3, 11, 635 S.E.2d 680, 685 (2006). Such negligence must be

> accompanied by acts of commission or omission of a wanton or willful nature, showing a reckless disregard or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with the knowledge of, the probable result of her acts.

Id. (quoting Barrett v. Commonwealth, 268 Va. 170, 179, 597 S.E.2d 104, 108 (2004)). Proof that actual injury occurred is not necessary under the statute. See Flowers v. Commonwealth, 49 Va. App. 241, 248, 639 S.E.2d 313, 316 (2007). Whether criminal negligence exists is fact-specific, to be determined by the fact finder – in the defendant's case, the trial judge – who is in the best position to assess the weight and credibility of the evidence. See Carosi v. Commonwealth, 280 Va. 545, 557, 701 S.E.2d 441, 447-48 (2010).

The dispositive factor in proving guilt under Code § 18.2-371.1(B)(1) is whether the defendant knew her conduct was likely to expose her children to substantial risk or the probability of serious injury or death. Here, the defendant left her four young children, ages one, three, five, and seven years, overnight in a hotel room with an acquaintance, knowing he had to be at work at 6:00 a.m. the following morning. She made no alternative arrangements for the children and did not return to the hotel until 3:00 p.m., at which point the children had been by themselves for at least nine hours. As the trial court concluded, the defendant's conduct constituted "virtual abandonment" of her children. Additionally, factors in the room contributed to the probability of harm to the children, including the presence of a BB gun, which the trial court noted appeared at first glance to be a working firearm, a pocketknife, and alcoholic beverages, as well as the absence of readily edible food.

Leaving young children without adequate supervision for an extended period of time creates an untenable situation in which such children likely will suffer harm. See Barnes v. Commonwealth, 47 Va. App. 105, 622 S.E.2d 278 (2005) (upholding conviction under analogous statute, Code § 40.1-103(A)). Barnes left her two young children, ages four and two years, unattended in an unlocked apartment for a significant period of time while she shopped for groceries; when the children awoke and found their mother gone, they went to a neighbor's house. The Barnes Court set forth several factors to consider in assessing criminal negligent

- 3 -

conduct in situations where children have been abandoned. These include "the gravity and character of the possible risks of harm; the degree of accessibility of the parent; the length of time of the abandonment; the age and maturity of the children; [and] the protective measures, if any, taken by the parent . . . ." Id. at 113, 622 S.E.2d at 282.

As in Barnes, we find the evidence in the defendant's case, viewed under the applicable standard of review, was sufficient to prove beyond a reasonable doubt that the defendant was guilty of felony child neglect. Accordingly, we affirm the defendant's convictions.

Affirmed.