COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chafin and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

UNPUBLISHED

GEOFFREY ODELL RIDLEY

v.      Record No. 0061-16-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RUDOLPH BUMGARDNER, III
NOVEMBER 29, 2016

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Robert H. Sandwich, Jr., Judge

James L. Grandfield, Public Defender, for appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Geoffrey O. Ridley appeals his convictions of larceny of a firearm, Code § 18.2-95,

larceny with intent to sell, Code § 18.2-108.01(A), and selling a firearm to a felon, Code

§ 18.2-308.2:1. He maintains the evidence was insufficient to prove he knew he sold to a felon

or that he possessed the firearm. Concluding the evidence proved the offenses beyond a

reasonable doubt, we affirm.

"On appeal, we will consider the evidence in the light most favorable to the

Commonwealth, as it prevailed in the trial court." Whitehurst v. Commonwealth, 63 Va. App.

132, 133, 754 S.E.2d 910, 910 (2014). "[W]e 'presume the judgment of the trial court to be

correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to

support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en

banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Louis Skinner reported that after giving the defendant a ride in his car he realized that a handgun he kept in the car was missing. Police searched the defendant's house and his person but did not find the gun. Several weeks later, Lamond Winnegan was stopped while driving in Chesapeake. The police found Skinner's stolen gun in the car and charged Winnegan with possession of a firearm by a felon. His case was pending when he testified at the defendant's trial.

Winnegan testified he bought the gun from the defendant for cash and marijuana. The defendant told Winnegan that Skinner had given him a ride in his car during which the defendant saw and handled Skinner's gun. When the defendant got out of the car, he kept the gun. When he sold it to Winnegan, they discussed that they both had been in prison and that Winnegan had served twenty years for robbery.

The defendant argues the evidence failed to prove he knew Winnegan was a convicted felon who was prohibited from having a firearm. The trial court accepted Winnegan's testimony that he and the defendant had discussed being in prison and that he had told the defendant he had served time for robbery. As a convicted felon himself, the defendant would know a felon could not possess a firearm. The trial court drew the reasonable inference that the defendant knew Winnegan could not possess a firearm. See Winslow v. Commonwealth, 64 Va. App. 121, 128, 765 S.E.2d 856, 859 (2014) (fact finder may "draw reasonable inferences from basic facts to ultimate facts, unless doing so would push 'into the realm of *non sequitur*'" (quoting Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012))).

The defendant also argues there was insufficient evidence to prove he possessed the firearm because the testimony of Skinner and Winnegan was inconsistent and incredible. Inconsistencies in the testimony of witnesses do not "render the evidence incredible as a matter of law." Crump v. Commonwealth, 20 Va. App. 609, 619, 460 S.E.2d 238, 242 (1995). The fact

finder may accept testimony he finds believable and reject other testimony he finds implausible. See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). The fact finder resolves conflicts in the evidence, as where different witnesses have given "competing accounts" or the testimony of a single witness contains discrepancies. Commonwealth v. McNeal, 282 Va. 16, 22, 710 S.E.2d 733, 736 (2011).

The trial court observed that Skinner "was not the best witness in the world" but provided sufficient evidence that he was with the defendant at the time the handgun was stolen from his car. The court recognized Winnegan's pending charge gave him a reason to testify against the defendant, but that fact did not make him incompetent to testify or render his testimony unbelievable. See Yates v. Commonwealth, 4 Va. App. 140, 144, 355 S.E.2d 14, 16 (1987). The court expressly found that Winnegan showed no indication his testimony was untruthful.

An appellate court must defer to the credibility determinations made by the fact finder, who has seen and heard the witnesses testify, unless the witnesses' testimony is inherently incredible. See Sawyer v. Commonwealth, 43 Va. App. 42, 53, 596 S.E.2d 81, 86 (2004); see also Commonwealth v. Presley, 256 Va. 465, 470, 507 S.E.2d 72, 75 (1998) (stating it is "the province of the [fact finder], rather than an appellate court," to weigh facts and judge credibility of witnesses).

Evidence is "inherently incredible," when it is "so contrary to human experience or to usual human behavior as to render it unworthy of belief." Willis & Bell v. Commonwealth, 218 Va. 560, 563, 238 S.E.2d 811, 813 (1977). "[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact." Parham v. Commonwealth, 64 Va. App. 560, 565, 770 S.E.2d 204, 207 (2015); see Sawyer, 43 Va. App. at 53, 596 S.E.2d at 86.

Having considered all the testimony of the witnesses, the trial court determined the evidence proved beyond a reasonable doubt that the defendant stole the handgun from Skinner and sold it to Winnegan.  An appellate court is "not permitted to reweigh the evidence." Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007).  The record in this case shows that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Accordingly, we affirm the convictions.

Affirmed.