COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Petty and Chafin
Argued at Norfolk, Virginia

UNPUBLISHED

JERMICA SHONDAL TAYLOR

MEMORANDUM OPINION* BY
v.      Record No. 1855-17-1          CHIEF JUDGE GLEN A. HUFF
DECEMBER 4, 2018

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Charles E. Haden for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Jermica Shondal Taylor ("appellant") appeals her conviction for attempted identity theft

in violation of Code § 18.2-186.3. Following a bench trial in the Circuit Court of the City of

Hampton ("trial court"), the trial court convicted appellant of attempted identity theft and

sentenced her to three years all suspended.[1] On appeal, appellant contends the trial court erred

by denying her motions to strike because she only used her own name when attempting to cash a

stolen check and therefore she did not use another's identifying information. For the following

reasons, this Court affirms appellant's conviction.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of grand larceny, attempted uttering, breaking and entering, forgery, and attempted false pretenses. In a prior *per curiam* order, this Court denied appellant's petition for appeal challenging the sufficiency of the evidence for these convictions. Therefore, they are not part of this appeal.

## I.  BACKGROUND

On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial."  Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).

So viewed, the evidence established that around noon on November 5, 2015, Sandra Clements returned home after approximately two hours away and found her home broken into.  Cash, jewelry, and some spare checks were missing.  Clements called the police.

Around 1:00 p.m., appellant attempted to cash one of Clements's checks made payable to appellant.  Appellant signed the back of the check with her own name and presented her own identification to the bank teller.  The bank teller grew suspicious of the handwriting on the check.  She called Clements to verify the check.  Clements asked the teller to speak to the police, who were still at Clements's home.  The police asked the bank teller to stall, but by the time the teller returned to her station, appellant had left the bank.

At the bench trial on August 10, 2017, appellant acknowledged trying to cash the check.  She claimed, however, that the check was payment for a television she sold and she had no knowledge that the check was stolen or forged.

During the trial, the trial court denied appellant's motion to strike and renewed motion to strike.  It found appellant guilty of grand larceny, attempted uttering, breaking and entering, forgery, attempted false pretenses, and attempted identity theft.  The trial court sentenced her to a total of twenty-two years' imprisonment with all but one year suspended.  This appeal followed.

## II.  STANDARD OF REVIEW

"When considering on appeal the sufficiency of the evidence presented below, [this Court] 'presume[s] the judgment of the trial court to be correct' and reverse[s] only if the trial

court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). "On appeal, [this Court] will consider the evidence in the light most favorable to the Commonwealth, as it prevailed in the trial court." Whitehurst v. Commonwealth, 63 Va. App. 132, 133, 754 S.E.2d 910, 910 (2014). When the sufficiency of the evidence depends on the interpretation of a statute, this Court "review[s] the trial court's statutory interpretations and legal conclusions *de novo*." Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998).

## III. ANALYSIS

The crux of the dispute is what it means to "use" identifying information for the purposes of the identity theft statute. Code § 18.2-186.3(A)(2) makes it unlawful to "use . . . identifying information" of another person to "obtain money," without that other person's authorization and "with the intent to defraud." Under Code § 18.2-186.3(C), "identifying information" includes: "(i) name;" "(v) bank account numbers;" and "(xiii) any other numbers or information that can be used to access a person's financial resources, . . . or obtain money." Appellant claims the evidence was insufficient to convict her because she only used her own name when presenting the stolen check to be cashed; she never claimed to be Clements while presenting the check to be cashed. The Commonwealth responds that the check bore Clements's name, account number, and forged signature. By presenting the check to be cashed, appellant attempted to use this information. This Court agrees with the Commonwealth.

When interpreting a statute, this Court "must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Smith v. Commonwealth, 66 Va. App. 382, 387, 785 S.E.2d 500, 502 (2016) (quoting Scott v. Commonwealth, 58 Va. App. 35, 48, 707 S.E.2d 17, 24 (2011)). Thus,

"[a]lthough [this Court] construes statutes strictly in criminal cases, [it] will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." Rose v. Commonwealth, 53 Va. App. 505, 509, 673 S.E.2d 489, 491 (2009) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)). "[T]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." Williams v. Commonwealth, 57 Va. App. 341, 351, 702 S.E.2d 260, 265 (2010) (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)).

Appellant admitted she attempted to cash the check. The check bore Clements's name, bank account number, and forged signature. Appellant argues that because she did not affirmatively misrepresent her identity to the bank teller, she was not attempting to "use" Clements's identifying information. This is a strained reading of the statute. Without the account number, name, and forged signature, the check would not have been useful to obtain money. When appellant presented the check to be cashed, she attempted to "use" these pieces of Clements's identifying information to obtain money. This is the "plain, obvious, and rational meaning" of Code § 18.2-186.3(A)(2). Therefore, the trial court's conclusion that there was sufficient evidence is supported by the evidence and not plainly wrong.

## IV. CONCLUSION

Because presenting the check to be cashed with Clements's name, account number and forged signature "used" this identifying information within the meaning of the statute, this Court affirms appellant's conviction.

Nevertheless, this Court remands this case for correction of a clerical error. See Code § 8.01-428(B); Tatum v. Commonwealth, 17 Va. App. 585, 592-93, 440 S.E.2d 133, 138 (1994). Appellant was indicted for attempted identity theft. The conviction order shows she was convicted of attempted identity theft. The sentencing order, however, incorrectly records that

she was convicted of the completed crime of identity theft.  This is clearly a clerical error that the trial court must correct.

Affirmed and remanded.